Citation Nr: 1546191 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-19 449 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to an increased rating for lower back strain, currently evaluated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel


INTRODUCTION

The Veteran served on active duty from August 1981 to April 1985.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified at Travel Board hearing in March 2011. A transcript of that hearing is of record.

The Board remanded the claim in June 2011 and February 2012 for additional development of the record. In September 2014, the Board denied the claim. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Remand (JMR), in August 2015 the Court vacated the Board's decision that denied an increased rating for lower back strain, and remanded that issue to the Board for appropriate action in accordance with the JMR.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he is entitled to a higher disability evaluation for the service-connected lower back strain. 

In the August 2015 JMR the parties agreed that the Board did not provide adequate statement of reasons and bases to support its finding that all available private and VA treatment records had been obtained. In this regard, the parties noted that the Board remanded the claim in February 2012 for additional development, to include obtaining relevant VA treatment records since June 2011. In March 2012, the Veteran identified relevant treatment records from Heinz H.J. Division of the VA Pittsburgh Healthcare System, and the JMR noted that relevant records from May 2013 to October 2014 were not considered by the Board. VA treatment records are deemed to be part of the record on appeal since they are within VA's constructive possession. See Bell v. Derwinski, 2 Vet. App. 611 (1992). Because the requested development in the February 2012 Board remand was not substantially completed, the Board finds that further action to ensure compliance with the remand directives is required. Stegall v. West, 11 Vet App 268 (1998). Relevant ongoing medical records should also be requested. 

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran to identify all medical providers (VA and private) from whom he has received treatment for his service-connected lower back strain during the course of the claim, and complete and return an appropriate authorization form for each treatment provider identified. After obtaining the completed release form, request all identified pertinent medical records that are not duplicates of those already contained in the claims file. All development efforts should be associated with the claims file. If the requested records cannot be obtained, the Veteran should be notified of such.

2. Obtain all outstanding, pertinent records of evaluation and/or treatment of the Veteran from the Pittsburgh VA Medical Centers (VAMCs), to include the H.J. Heinz Campus, dated from May 2013 to the present. All records and/or responses received should be associated with the claims file. If the requested records are not available records, the claims file should be annotated to reflect such, a determination as to whether further efforts to obtain such records would be futile should be made, and the Veteran should be notified of the unavailability of the records.

3. Following the completion of the foregoing, and after undertaking any other development deemed necessary, readjudicate the issue on appeal. If the benefits sought remain denied, issue a supplemental statement and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K.A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).